SUCCESSION OF LANDRAU, PLAINTIFF AND APPELLANT, *v.* SUCCESSION OF LANDRAU ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 2, in an Action for the Partition of Realty, etc.

No. 1664.—Decided April 23, 1917.

APPEAL—TRANSCRIPT OF RECORD—STATEMENT OF CASE—AMENDMENTS.—A transcript of the record should be filed in the office of the clerk of the Supreme Court within thirty days after the approval of the statement of the case;

and if not filed within the said period, the appeal should be dismissed unless an extension of time therefor has been granted (sections 299 and 303 of the Code of Civil Procedure in relation to rules 40, 58 and 60 of the Supreme Court). And the failure of the appellant to comply with the law will not be excused by the fact that the appellee moved to set a day for a hearing on proposed amendments to the statement of the case, which was approved without setting such day, he having thus allowed the time fixed by law for filing the record on appeal to expire without taking any steps to set aside the order approving the statement of the case until the appellee filed a motion to dismiss the appeal.

Id.—Statement of Case—Ignorance or Neglect—Notice—Attorneys.—An appellant cannot plead ignorance or neglect of an order approving a state-·ment of the case on the ground of failure of the secretary to notify him thereof, for said order is not included among those falling within the exceptions to the rule laid down in Act No. 70 of 1911 and Act No. 33 of 1915. The attorney, in this particular regard, is as .much an officer of the court as is the secretary and is presumed to attend the court, it being his duty to inform himself of the status of his cases.

The facts are stated in the opinion.

*Mr. Sandalio Torres Monje* for the appellant.

*Messrs. Alvarez Nava & Domínguez* for the appellee succession.

The other appellees did not appear. ˊ .

Mr. ˊChief Justice Hernández delivered the opinion of the ̀court.

On April 5, instant, the Succession of Gerónimo Landrau, defendant and appellee in the above-entitled case, filed a motion in this court, of which it had given notice on the same day to the adverse party, the Succession of Maximino Landrau, for the dismissal, of the appeal taken by the latter on November 22, 1912, from a judgment of the District Court of San Juan, Section 2, rendered on the sixth of the said month; and as grounds for the said motion alleges that although the statement of the case was approved on February 19, 1917, the transcript of the record had not been filed and no extension of the time for filing it had been applied for up to the date of the motion. .

The motion was accompanied by a certificate of the secretary of the said district court attesting the facts on which the motion is based.

In opposition to the said motion the plaintiff-appellant succession alleged and showed: (1) That on January 20, 1917, it was served with a copy of a motion by the Succession of Gerónimo Landrau, dated the day before, praying the District Court of San Juan, Section 2, to set a day for a hearing on the amended statement of the case presented by the appellant; (2) that the said motion does not appear to have been included in the record; (3) that neither does it appear that before or after January 20, 1917, notice was served on the attorney for the appellant succession of any setting of a hearing on the amendments to the statement of the case; (4) that on April 10, instant, the appellant succession filed a motion in the District Court of San Juan, Section 2, to amend and set aside the order of February 19, 1917, approving the statement of the case, leaving the proceedings as they were on January 19, the date of the defendant's motion to set a day for a hearing on the amendments to the statement of the case.

The legal question of whether or not the appeal should be dismissed is decided by section 299 of the Code of Civil Procedure as amended by Act No. 70 of March 9, 1911, section 303 of the Code of Civil Procedure and Rules 40, 58 and 60 of this court.

The last paragraph of section 299 of the Code of Civil Procedure, as amended by Act No. 70 of 1911, provides that the record of an appeal shall be filed in the office of the secretary of the Supreme Court within the next thirty days following that on which the bill of exceptions and summary of the case is approved with a declaration that a literal copy of the same certified to by the counsel for the appellant, has been delivered to the counsel for the appellee. And section 303 of the Code of Civil Procedure, with which Rules 40, 58 and 60 of this court are in accord, provides that if the appellant fails to furnish the requisite papers, the appeal may be dismissed (Spanish—*deberá ser desestimada sin oirse*).

The foregoing provisions are so clear and conclusive that they do not require any explanation.

The appellant did not file the record of the appeal within the thirty days prescribed by law or ask for any extension of time in which to do so, therefore the appeal should be dismissed.

The allegation that the appellee, the Succession of Gerónimo Landrau, moved the court to set a day for a hearing on the amendments to the statement of the case and that said statement was approved without such setting, does not favor the opposition to the motion by the appellant succession, for the indisputable fact remains that the statement of the case was approved by the District Court of San Juan, Section 2, on February 19, 1917, with or without the proper formalities, and that the appellant allowed the period of thirty days fixed by law to elapse without filing the record of the appeal in the office of the secretary of this court and without taking any steps to have the order approving the statement of the case set aside until the appellee had filed its motion for dismissal of the appeal.

Nor can the appellant be heard to plead ignorance or lack of knowledge of the order approving the statement of the case on the ground that it received no notice; for, in deciding the certiorari proceedings in the case of *Guardian Assurance Co., Ltd.* v. *López Acosta, District Judge,* 24 P. R. R. 597, we said:

"The secretary, by specific statutes (Laws 1911, No. 70, and Laws 1915, No. 33), is required to notify judgments to the losing side, and the decisions in which a motion to strike out, or a demurrer to any pleading, is sustained or overruled and the decision is not announced in the presence of the parties or their attorneys, but this duty is the exception that marks the rule. He owes no other duty of notifying orders to an appellant. The attorney in this regard is just as much an officer of the court as is the secretary. The said attorney is presumed to be in attendance on the court, and it is his duty to follow the course of his own cases."

For the foregoing reasons the motion of the appellee should be sustained and the appeal

*Dismissed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.